**John WOLFE, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**ASPENBIO PHARMA, INC., Richard G. Donnelly, David Faulker, Steve Lundy, Gregory Pusey, Jeffrey G. McGonegal, Dr. Mark J. Ratain, Dr. Robert Caspari, Mark Colgin, and Gail S. Schoettler, Defendants.**

Civil Case No. 11–cv–00165–REB–KMT.

United States District Court, D. Colorado.

July 11, 2011.

Jonathan Richard Horne, Laurence Matthew Rosen, Phillip C. Kim, Rosen Law Firm, P.A., New York, NY, for Plaintiff.

James Jerome Brosnahan, Jr., Mark Ryan Scott Foster, Morrison & Foerster, LLP, San Francisco, CA, for Defendants.

## ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL

BLACKBURN, District Judge.

This matter is before me on the **Notice of Motion and Motion of Mike Marnhout for Appt. as Lead Plaintiff and Approval of Choice of Counsel [# 3]** [1] filed in this court on January 24, 2011, following transfer of this action from the Central District of California.[2] I grant the motion.

### I. JURISDICTION

I have jurisdiction of this putative class action pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 78aa (violations of the Securities Exchange Act of 1934).

### II. STANDARD OF REVIEW

The standards for appointment of a lead plaintiff in a class action securities litigation are governed by section 21 D(a)(3) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* 15 U.S.C. §§ 78a–78oo. First, a putative lead plaintiff must have filed with his complaint a sworn certification that complies with the requirements of 15 U.S.C. § 78u–4(a)(2)(A). Second, within twenty days of the filing of the complaint, the plaintiff must publish in a "widely circulated national business-oriented publication or wire service" a notice advising potential members of the class of the pendency of the action and the opportunity to move for appointment as lead plaintiff. *Id.*, § 78u–4(a)(3)(A)(i).[3]

Finally, assuming these prerequisites are met, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.*, § 78u–4(a)(3)(B)(i). The statute creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.*, § 78u–4(a)(3)(B)(iii)(I).[4]

 As for the requirement that the lead plaintiff otherwise satisfy the require-

1. "[# 3]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

2. The motion was originally filed November 30, 2010, in the California action.

3. Such notice was provided to class members, as required by 15 U.S.C. § 78u–4(a)(3)(A)(i). (*See* **Notice of Non Opposition to Mark [sic] Marnh-** out's **Motion for Appointment as Lead Plaintiff and Approval of the Rosen Law Firm, P.A. as Lead Counsel [# 1–70]** originally filed December 31, 2010.)

4. The PSLRA gives no guidance as to how a presumptive lead plaintiff's financial interest for purposes of making the determination required by subsection (a)(3)(B)(iii)(I)(bb) should be calculated. *See In re Bausch & Lomb Incorporated Securities Litigation*, 244 F.R.D. 169, 172 (W.D.N.Y.2007), *as modified on other grounds*

ments of Rule 23, only two of the four requirements of Rule 23(a)—typicality and adequacy—impact the analysis of the lead plaintiff issue. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation,* 192 F.R.D. 656, 658 (D.Colo.2000).[5] "Typicality exists where the 'injury and the conduct are sufficiently similar.'" *Id.* Although different plaintiffs may invoke different factual circumstances, typicality is present "so long as the claims of the class representative and class members are based upon the same legal or remedial theory." *Id.* (citation and internal quotation marks omitted). The requirement of adequacy is satisfied on proof of "(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *Id.* at 659.

If these prerequisites are met, the presumption created by the statute may be rebutted only by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa) & (bb).

### III. ANALYSIS

■ Based on the record before me, I find and conclude that movant has presented evidence sufficient to invoke the presumption of section 78u–4(a)(3)(B)(iii)(I) that he is the most adequate plaintiff to represent the interests of the purported class. He has timely filed the requisite motion to serve as lead plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa).[6] Second, there is no record evidence that any purported class member has a larger financial interest in the relief sought than movant.[7]

■ As for the third requirement, that the proposed lead plaintiff satisfy the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure, the record indicates that movant's claims are typical of those of purported class members. Specifically, both movant and members of the purported class allege that they purchased shares of AspenBio Pharma, Inc. ("AspenBio") stock at prices that were artificially inflated by defendants' misrepresentations and omissions regarding the effectiveness of AspenBio's main product, AppyScore. The record also indicates that movant satisfies the adequacy requirement. There is no indication of a potential conflict between movant and the members of the purported class. Nor is there any indication that movant is subject to unique defenses that may render him "inadequate because [such defenses] are likely to usurp a significant portion of the litigant's time and energy." *Doll v. Chicago Title Insurance Co.,* 246 F.R.D. 683, 687

---

on denial of reh'g, 2007 WL 3197318 (W.D.N.Y. Oct. 26, 2007). Courts have used various methods in arriving at loss calculations under this provision. *See, e.g., In re Williams Securities Litigation,* 2002 WL 32153476 at *5 (N.D.Okla. July 8, 2002) (approving use of a 90–day average trading price to compare putative plaintiffs' losses); *In re Ribozyme Pharmaceuticals, Inc. Securities Litigation,* 192 F.R.D. 656, 658 (D.Colo.2000) (describing "retention value method" of loss valuation as "the most common method for determining financial interest pursuant to the PSLRA"); *In re Olsten Corp. Securities Litigation,* 3 F.Supp.2d 286, 295 (E.D.N.Y.1998) (applying four factors advocated by district court in *Lax v. First Merchants Acceptance Corp.,* 1997 WL 461036 at *5 (N.D.Ill. Aug. 11, 1997)).

5. Consideration of the remaining elements of Rule 23(a) is to be deferred until the motion for class certification is filed. *See In re Ribozyme,* 192 F.R.D. at 658.

6. The originally named plaintiff, John Wolfe, did not object or respond to movant's motion for appointment as lead plaintiff, nor has he filed his own motion for appointment as lead plaintiff. In addition, the same law firm that filed the original complaint on behalf of Wolfe is now seeking to represent movant on behalf of the purported class. Another purported class member, Franklin O'Connell, withdrew his competing motion for appointment as lead plaintiff while the case was still pending in California, conceding that movant claimed a greater financial loss.

7. Movant alleges losses of $340,667.62 based on his purchase of 50,000 shares of AspenBio Pharma stock during the relevant time period. The only other relevant record evidence shows that O'Connell alleges losses of $131,183.0, and that Wolfe allegedly purchased 1,600 shares of AspenBio Pharma stock during the relevant time period, far fewer than movant.

(D.Kan.2007) (citation and internal quotation marks omitted).[8]

■ Based on the foregoing, I conclude that movant is presumptively the most adequate plaintiff to represent the interests of the purported class. Moreover, because no objection or response to the motion has been filed within the time allowed by law, the presumption has not been rebutted.[9]

■ Pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v), "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." Movant has demonstrated that his putative choice for lead counsel are "qualified, experienced and able to vigorously conduct the proposed litigation." *In re Ribozyme,* 192 F.R.D. at 659. Accordingly, I approve The Rosen Law Firm, P.A., as lead counsel.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Notice of Motion and Motion of Mike Marnhout for Appt. as Lead Plaintiff and Approval of Choice of Counsel [# 3]** filed January 24, 2011, is **GRANTED;**

2. That Mike Marnhout is **APPOINTED** as lead plaintiff for the putative class; and

3. That The Rosen Law Firm, P.A., is **APPROVED** as lead counsel.

---

8. In finding that movant meets these requirements for purposes of his appointment as lead plaintiff, I neither find nor conclude that the requirements of Rule 23(a) will be found to have been satisfied once a motion for class certification is presented to determination.

9. Defendants represent that they take no position on the selection of the lead plaintiff.